IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISELEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROBERT BITNER; JEFFREY BEARD; RICHARD ROE; JEFFREY JOE; B. L. LANE; FRANK GILLIS; R. E. JOHNSON; MEDON; D. MCMAHON; KENNETH KYLER; J. L. GRACE; R. M. LAWLER; RAYMOND COLLERAN; EDWARD BIESLAWSKI; PAUL DELROSSO; RONALD RICHARD; BOOTH; JOHN DOE; MICHAEL MOE; PETER POE; HARRIET HOE; WILLIAM STICKMAN; DAN DAVIS; SHARON DELETTO; MARK CAPOZZA; KENNETH MILLER; KENT WARMAN; F. BARNES; M. MAHLMEISTER; M. SMITH; D. DAY; B. MARTIN; C. HARRIS; MCCOMBIE; GUMBAREVIC; GUYTON; ESMOND; R. WORKMAN; B. WRIGHT; BLAKE; BRIAN HYDE; JOEL DICKSON; NEAL MECHLING; CAROL SCIRE; DAVID GOOD ; DEBRA SAVERS; PAULA TEETER; FRANK NEDWIDEK; CHARLES SHANE; RONALD BLANDFORD; GARRY GALLUCCI; REBECCA KESSLER; SHELLEY MANKEY; and MARLENE STEWART,<br><br>    Defendants. | Civil Action No. 02 - 2123<br>Judge Alan N. Bloch /<br>Magistrate Judge Lisa Pupo Lenihan<br><br>Doc. No. 117 |

**ORDER**

On December 27, 2005 Plaintiff filed a "Motion to Proceed In Forma Pauperis. (Doc. No. 117). Said motion alleges that he was "stripped" of his *in forma pauperis* ("IFP") status when "transferred out of the LTSU because he was no longer in danger." This,

however, is not the case. Plaintiff was initially granted IFP status, however the Court subsequently discovered that Plaintiff had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Consequently, the Court was required to review Plaintiff's action under the new directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), more commonly known as the "three strikes rule." Pursuant to this finding, as required by statute, this Court recommended, and the District Court ordered, that the Order granting Plaintiff allowance to proceed IFP be vacated. The ruling, as outlined in the Report and Recommendation dated February 1, 2005 (Doc. No. 89) had nothing whatsoever to do with the fact that Plaintiff was in danger of serious harm. Therefore, said Motion to Proceed in Forma Pauperis is **DENIED**.

Also on December 27, 2005 Plaintiff filed a motion for Complaint and Service to Stand (Doc. No. 118). This appears to be yet another challenge to the court's previous ruling that Plaintiff shall file a separate complaint for each incident. Said motion is **DENIED.**

The Court reminds Plaintiff that on April 6, 2005, he was ordered to file separate complaints in this action, and the Court notes that it specifically waived the separate filing fees for each complaint. The Court further notes that two extensions have been granted to Plaintiff to accomplish said filing and his complaints are due no later than January 13, 2006.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days

from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: January 9, 2006

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: CHARLES ISELEY
AM-9320
SCI Houtzdale
PO Box 10000
Houtzdale, PA 16698-1000

Thomas G. Eddy
Office of Attorney General
Fifth Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219