IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ISELEY, | ) |
| Plaintiff | ) |
| | ) Civil Action No. 02-2123 |
| vs. | ) Judge Alan Bloch/ |
| | ) Magistrate Judge |
| ROBERT BITNER, et al., | ) Lisa Pupo Lenihan |
| Defendants | ) |
| | ) Re: Doc. Nos. 119 and 125 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the motions for Preliminary Injunction and Temporary Restraining Order be denied.

**II.  REPORT**

**A.  Relevant Procedural History**

Charles Iseley(Plaintiff), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint he named 55 defendants and alleged various violations of his constitutional rights occurring at five different institutions. On August 8, 2005 Plaintiff was ordered to file separate complaints for each alleged constitutional violation, with a waiver of the required filing fee. To date, no complaints have been filed.

On December 27, 2005, Plaintiff filed a Motion for Preliminary Injunction, alleging that he had been placed in "supermax custody" without due process. On January 18, 2006, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") alleging that he has been thrown in a "hard cell" and is being denied his medical diet and adequate medical care.

In response, Defendants confirmed that Plaintiff is housed in the long term segregation unit, and have filed extensive documentation indicating that Plaintiff has been offered food, which he has refused because of a self imposed hunger strike. The documentation further indicates that Plaintiff has refused medical examinations.

## B. **Applicable Legal Standards**

In determining whether a temporary restraining order[1] is

---

[1] Because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis of the temporary restraining order would also dispose of the request by Plaintiff for a preliminary injunction. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D.Pa.1994)."); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D.Pa. July 2, 1993)("The standards for a temporary restraining order and a preliminary injunction are the same."). The distinguishing features between these two forms of injunctive relief are that temporary restraining orders may be issued ex parte without an adversary hearing and are of limited duration, whereas preliminary injunctions may be issued only after the opposing party receives notice and after some form of hearing, and are in force until to the completion of the trial on the merits. Babn Technologies, 1998 WL 720171, at *3.

warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regard to the fourth prong, one seeking a TRO must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted). Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a

corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm

4

must not be speculative." <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 488 (3d Cir. 2000).

## C. Discussion

In his Motion for a Preliminary Injunction, Plaintiff requests the Court to issue an order directing his transfer back to SCI-Houtzdale. In his Motion for a Temporary Restraining Order, Plaintiff asks the Court to enjoin Defendants from housing him in a "hard cell." He does not explain what this is, nor how it places him in imminent danger. Without additional explanation, the court takes the term "hard cell" to mean restrictive housing, and Defendants have confirmed that Plaintiff is housed in a long term segregated unit, ("LTSU"). The only specific allegations of irreparable harm in the Preliminary Injunction request are that Plaintiff is unable to receive publications. He further alleges generally "pain, suffering, adverse mental health and death...." No specifics with regard to these allegations were provided.

Under the standards set forth in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), placing an inmate in segregated housing does not generally constitute a significant, gross departure from the normal environment, such that the inmate is conferred a state-created liberty interest and therefore even entitled to due process. Without any indication that such placement places Plaintiff in imminent risk of harm, there is no basis for

5

granting the motion.  If Plaintiff is being retaliated against for exercising his constitutional rights, as he also alludes to, then his remedy is to follow the administrative grievance procedures and, if unsuccessful, file a lawsuit under the First Amendment. Likewise, his allegations of denial of publications may provide cause for a grievance and a First Amendment lawsuit, but do not rise to the level of imminent risk of harm or irreparable injury required for the present motions.

Defendants have provided documentation indicating that Plaintiff is on a self imposed hunger strike. The court is not certain what it can do to intercede in Plaintiff's behalf. Plaintiff is also refusing medical examinations, which seems to defeat his request for adequate medical care.

In addition, Plaintiff fails to show the irreparable harm necessary to justify such extraordinary relief.  He makes only conclusory allegations which are countered by numerous pages of contrary documentation by the Defendants.  Plaintiff does not specify what the nature of this "irreparable injury" is and "mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976).  Plaintiff's bald and conclusory statement of "irreparable injury" is insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer

immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

For the foregoing reasons, Plaintiff's motions for Preliminary Injunction and TRO should be denied.

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: Feb. 9, 2006

cc: The Honorable Alan N. Bloch
United States District Judge

Charles Iseley
AM-9320
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Mary Lynch Friedline

7

Office of Attorney General
Fifth Floor, Manor Complex
564 Forbes Avenue